Harper, Chancellor.
We differ from the Chancellor who pronounced the decree, in relation to the subject of the plaintiff’s ground of appeal. When the term “increase of slaves” is used, I think it is the common understanding of men, that it refers to increase thereafter to be produced. If a female slave were bequeathed who had children grown up, and themselves having children, would it be thought that all these were to pass under a bequest of the first parent and her increase ? So of a domestic female animal. When the right of a tenant for life to the increase of a flock or herd is spoken of, the increase to be produced after his title accrues, is of course meant. It has been decided by this Court, overruling the case of Gayle v. Cunningham, (St. Rep. Eq. 124,) that the children of female slaves bom after the making of the will and before the death of the testator, do not pass under a bequest of the mother. The express bequest of the slave and her increase, might perhaps be construed to have the effect of indicating the testator’s intention that these should pass.— But I cannot in any way construe them to relate to children born before the making of the will.
With respect to the defendants’ ground of appeal, we agree with the Chancellor, and little needs to be added to his reasoning. . *There „ can be no doubt of the correctness of the remark, that if the will L b u had stopped at the words — “ The balance, &c., at the death of my wife, it is my wish shall be given to the nieces of my wife ” — that though expressed as words of wishing or recommendation, they would have been imperative and made an effectual bequest to all the nieces of the wife, who would have taken equally; and that the wife could have had no control in the matter. What effect can be given to the superadded words “in such manner and at such time as my said wife, Helen, shall think proper ?” It is not said in such proportions; and can such construction be given *466 to the words ? It is plain that the words “ at such time ” can have no effect in this respect. Can the words “in such manner ?” It seems obvious enough that manner is something different from substance or quantity. In the King v. the Marquis of Stafford, 1 East, 521, referred to" by the Chancellor, the gift was to the wife for life, and then to the use of her issue “ in such parts, shares and proportions, manner and form,” as she should direct. There was no doubt about her power of apportioning; but it was contended that under the devise to her issue, she could only appoint an estate tail. But Lord Ellenborough determined on the words “ manner and form ” — that they import the power of determining the nature and quantity of the estate the issue should take, and therefore that the fee was well appointed by the wife. In Trollope v. Linton, 1 Cond. Eng. Ch. Rep. 242, it was determined by the Yice Chancellor, Sir John Leach, that the words “manner and form” have the effect of authorizing the person having the power of appointment to give equitable estates to the appointed; and that the grant of a term of five hundred years to trustees for their use, was a good exercise of the power. The cases on the subject are collected by Mr. Sugden in his treatise on Powers, and he comes to the conclusion (p. 442) that “ in all these cases, it is quite clear the testator means the fee to pass : and the word manner, or any word of the like effect, may well be construed in favor of the intention, to mean, in such mode as to the quantity of the estate to be given, as the donee shall think fit. ” Here, then, full effect may be given to the words used in the will, without holding them to relate to the proportions of the property, which they do not naturally import. Mrs. Lamkin might have given the share of either of her nieces to trustees for her separate use during life, and at her death to her issue, or made any other similar arrangement which prudence had seemed to require. *It J was well observed in argument, that if a similar power'had been given as to property bequeathed to a single individual, it would have been impossible to say that these words could have no operation or effect. There is no reason for giving them a more extensive operation when the bequest is a joint one. The plaintiff’s motion is granted; and the decree affirmed with respect to the defendant’s ground of appeal.
Chancellors Dr Saussxjre and Johnson, concurred.